### WILLIAM MORGAN *vs.* THE TOWN OF BERLIN.

Assumpsit will not lie against a town for the fees of an officer in serving a criminal warrant issued by and returnable to a justice of the peace of the town.

It is provided by statute, (Gen. Statutes, tit. 20, ch. 13, sec. 4,) that such costs shall be paid by the town on the order of the justice before whom the trial is had, and the town is bound to pay them only upon such order.

ASSUMPSIT, to recover fees for serving as an officer two criminal warrants; brought by appeal from a justice of the peace, to the Court of Common Pleas of New Haven County. The defendants demurred to the declaration, and the court (*Harrison, J.,*) held it insufficient, and rendered judgment for the defendants. Motion in error by the plaintiff.

*R. Hicks*, for the plaintiff.

*F. L. Hungerford*, for the defendants.

GRANGER, J. The question in this case arises upon the
VOL. XLVI.—63

defendants' demurrer to the declaration. The plaintiff in the special count in his declaration alleges that he was a deputy sheriff, and as such served two complaints and warrants issued by a grandjuror and justice of the peace in the town of Berlin, and returnable before a justice of the peace of that town, that the complaints were abandoned or a nolle entered, and that it was the duty of the town to pay his legal fees for serving and returning the papers.

There is no cause of action set forth in this count. The subject of officers' fees for serving process, both civil and criminal, is regulated by statute, and in relation to costs in cases where the town is liable to pay, it is provided that such costs shall be paid by the town " upon the order of the justice before whom the trial is had, and that all orders drawn by a justice of the peace on the town treasurer for costs in criminal prosecutions shall specify their items, and such treasurer shall pay such costs to the persons severally entitled to receive them." Gen. Statutes, pp. 541, 2, sections 4, 5. There is no allegation that any such order has been issued in this case, or that it was demanded and refused, and until such order is issued by the justice the treasurer has no authority to pay any fees or costs. The statute having provided a mode for the collection of costs and fees in public prosecutions, that mode must be pursued, and no assumpsit arises on the part of the town until a proper order has been drawn by the justice, and the treasurer refuses payment.

There is no privity of contract express or implied between the town and the officer who serves a warrant issued by a justice of the town upon the complaint of one of its grand-jurors. The officer serving such process is not acting as the servant, agent, or employee of the town, but he acts as a public officer in the execution of the laws of the state, and he might with as much propriety sue the state as the town upon an implied assumpsit, for his fees for such service.

There is no possible ground upon which the present action can be maintained, and there is no error in the judgment complained of.

In this opinion the other judges concurred.